Dickman, J.
The plaintiff in error, Emma Braden, on an appeal from a judgment of a justice of the peace, recovered a *640 judgment in the Court of Common Pleas of Hamilton County, at the January term, A. D. 1885, against the defendant in error, John S. Hoffman, for the sum of two hundred and fifty-,six dollars and seventy-five cents, with interest thereon — the •defendant in the action being in default for an answer or demurrer to the petition. At the May term, A. D. 1885, of the court of common pleas, to-wit: on the 11th day of June, the ■defendant moved the court to set aside the judgment; and thereafter, at the same May term, A. D. 1885, the following ■entry was made upon the journal of the court:
“Now come the said parties with their respective attorneys, .and thereupon this cause came on to be heard upon application ■of defendant for leave to amend his motion filed June 11,1885, to set aside judgment, and for a new trial, by adding thereto the following as the grounds of said motion, viz: “ Irregularity in obtaining said judgment, and mistake, omission or neglect of the clerk,” and it being made to appear to the court that there was irregularity in th.e obtaining of said judgment, it is ordered that said motion be amended accordingly, and thereupon said motion as amended coming on to be heard, the court having fully considered the same, it is ordered by the court that on payment of all the costs in this court, judgment be and is hereby set aside, and ten days are hereby given in which to file answer, to which plaintiff excepts.”
The plaintiff below filed her petition in error in the circuit court, to reverse the order of the court of common pleas vacating the judgment entered at the previous January term. The •circuit court affirmed the order of the court of common pleas, and it is now sought to reverse the judgment of affirmance, and the order of the court of common pleas.
The order of the court of common pleas sustaining the motion, and setting aside the judgment rendered at the preceding term,is tobe deemed a final order, and therefore a proper subject of review on error. It was such “an order affecting a substantial right made upon a summary application in an action after judgment,” as may, by a proceeding in error, be reversed, vacated or modified for error appearing on the record.
Rev. Stats., secs. 6707-6710; Hettrick v. Wilson, 12 Ohio *641 St. 136 ; Tuylor v. Fitch, Ibid. 169. As said by tbe court in Huntington v. Finch, 3 Ohio St. 447, “ The power of the court to set aside or vacate its judgments, subsequent to the judgment term, is governed by settled principles, to which the action of the court must conform, and for a departure from which, any judgment or order may be subject to be reviewed and reversed, on proceedings in error.”
The main question, however, for consideration is, did the court below err in granting the motion, and in setting aside the judgment rendered at a former term ? Under sec. 5354, sub-division 3, of the Revised Statutes, a court of common pleas, may vacate or modify its own judgment or order, after the term at which the same was made, for mistake, neglect, or omission of the clerk, or irregularity in obtaining a judgment or order. As provided by sec. 5357, of the Revised Statutes, the proceedings to correct such mistake, omission or irregularity shall be by motion, upon reasonable notice to-the adverse party, or his attorney in the action. The journal entry shows that the court granted the motion to set aside the judgment on the ground that there was irregularity in the obtaining of it; and though the record is silent in regard to notice to the adverse party, a waiver of notice is shown by the appearance of the plaintiff and her excepting to the order of the court.
Rut by sec. 5360, of the Revised Statutes, a judgment shall not be vacated on motion until it is adjudged that there is a valid -defense to the action in which the judgment was rendered; and when a judgment is modified, all liens and securities obtained under it shall be preserved to the modified judgment. And by sec. 5359, of the Revised Statutes, the court must first try and decide upon the grounds to vacate or modify a judgment or oi’der, before trying or deciding upon the validity of the defense.
In Frazier v. Williams, 24 Ohio St. 625, it was held that, the object of these provisions of the statute in postponing the judgment to vacate until it shall be adjudged that there is a valid defense to the action, is to preserve the liens and rights *642 of parties under the original judgment, in case a similar judgment should be rendered upon the trial of the cause. It was-construed to be the meaning of the statute, that when the court has decided that there is good ground to vacate, the judgment to vacate should be suspended until after the causéis tried; and if, on such trial, the defense is established, then judgment of vacation is to be entered ; or, if the defense fails,, the judgment is to be affirmed, or such other judgment entered as the result of the trial indicates.
The record in the case at bar does not show that, before setting aside the judgment, there was an adjudication upon the validity of the defense to the action, "and until it was adjudged that there was a valid defense, there was, in' our view, no authority in the statute to vacate the judgment. But it does appear by the record that, after deciding there was good ground to vacate, the court, instead of suspending the judgment to vacate until after an adjudication upon the validity of the defense, vacated the judgment absolutely, in the first instance, and allowed a given time thereafter in which to answer and set up defense. The design of the statute to preserve liens and priorities might thus be virtually defeated,, although, upon the coming in of answer and the trial of the cause, by the court or by a jury, the defense might fail.
The maxim omnia preesumuntur rite acta, can not avail the defendant in error. “The general principle of presuming a regularity of procedure ought not,” says Sir D. Evans, “to be carried too far, and it is not desirable to rest upon a mere presumption that things were properly done, when the natnre of the case will admit of positive evidence of the fact-, provided it really exists.” 2 Evans Poth. 336. Whether it has been-adjudged that there is a valid defense to the action, before-setting aside a judgment rendered at a former term of the court, should not be left to mere presumption. In Hettrick v. Wilson, supra, the court say: “As the record in this case shows no adjudication of the court upon the validity of the plaintiff’s cause of action, it is difficult to see how the order vacating the judgment can be sustained.” The language of the statute is explicit, that until it is adjudged that there is a *643 valid defense to the action in which the judgment was rendered, a judgment shall not be vacated on motion. There must be a previous adjudication that is apparent on the record, which in itself is required to embrace orders, judgments, and all material acts and proceedings of the court. Rev. Stats. § 5334. But the record in the case at bar, far from showing such previous adjudication that there was a valid defense to the action, shows that the defendant was allowed ten days, within which to file answer and make known his defense, after the judgment was set aside.
The judgment of the circuit court, and the order of the court of common plaeas vacating the judgment-rendered at the previous January term, must be reversed.

Judgment accordingly.